## BLANTON v. NELMS et al.

### No. 882.

Court of Civil Appeals of Texas. Eastland.

June 19, 1931.

Y. W. Holmes, of Comanche, for appellant.

Callaway & Reese, of Comanche, for appellees.

LESLIE, J.

Originally this suit was filed in the justice court, precinct No. 1, Comanche county, Tex. The plaintiff R. P. Moore sued the defendants W. E. Nelms, Mat Nelms, and J. E. Blanton, alleging that the defendants had converted two of plaintiff's mules of the value of $150. The defendants Nelms answered by general denial, and the defendant Blanton answered separately by general demurrer, general denial, and specially alleging that he came into possession of the mules by purchase for a valuable consideration, without any notice, actual or constructive, that the plaintiff Moore held a chattel mortgage against the property. He sufficiently alleged that he was an innocent purchaser of the mules as against any lawful claims of the plaintiff.

In the county court the trial was before the judge without a jury, and resulted in a judgment in favor of the plaintiff against the defendants W. E. Nelms, Mat Nelms, and J. E. Blanton jointly and severally, for the sum of $100 with interest thereon at the rate of 10 per cent. per annum, etc. Defendants excepted to this judgment and gave notice of appeal, but Blanton alone has perfected that appeal by a proper supersedeas bond.

By assignments and propositions the appellant Blanton challenges both the existence of evidence and in the alternative the sufficiency of the evidence to establish the alleged conversion by him as charged in the plaintiff's petition. The undisputed testimony is that Moore sold the mules to Nelms and took a mortgage thereon to secure the unpaid balance of the purchase price. Nelms thereafter sold the mules to Blanton, and the undisputed testimony shows that Blanton had neither actual nor constructive notice of the existence of the mortgage, and Moore himself testified that, at the time he found out the mules had been traded to Blanton, he had not filed for registration the mortgage executed to him by Nelms. The evidence as a whole disproves any conversion of the property on the part of Blanton, and the judgment against him has no basis in the testimony. The case has been fully developed, and the two Nelms not having appealed, the judgment will remain undisturbed as to them, but as to Blanton the judgment of the trial court is reversed and here rendered in his favor. It is so ordered.